**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LOUIS AMBROSE,   Case No. 19-cv-1835 (ECT/ECW)

    Petitioner,

v.   **REPORT AND RECOMMENDATION**

STATE OF MINNESOTA,

    Respondent.

---

Petitioner Louis Ambrose ("Ambrose"), a prisoner at the Minnesota Correctional Facility-Faribault ("MCF-Faribault"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Dkt. 1.)  Respondent has filed with the Court a Motion to dismiss the Petition for Writ of Habeas Corpus with prejudice.  (Dkt. 8.)  This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court recommends that Respondent's Motion to dismiss the Petition for Writ of Habeas Corpus with prejudice (Dkt. 8) be granted and that the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2245 (Dkt. 1) be denied.

**I.**     **FACTUAL BACKGROUND**

"On August 16, 2011, Ambrose and his girlfriend, E.J., had an argument at her home.  Later that day, Ambrose threw a Molotov cocktail through a first-floor bedroom window, which started a fire inside the home.  Ambrose intentionally prevented E.J. from

leaving the home by blocking her access to the front door.  A neighbor heard E.J.'s screams and intervened, which enabled E.J. to escape the burning home.  Ambrose fled, but police officers later found him nearby and arrested him." *State v. Ambrose*, No. A17-0568, 2017 WL 3974323, at *1 (Minn. Ct. App. Sept. 11, 2017).  In November 2011, Ambrose pleaded guilty to the charge of attempted second-degree intentional murder, and in return, the State dismissed the arson count and the parties jointly recommended a sentence at the low end of the applicable sentencing guidelines.  *Id.*  The plea contained no provision concerning restitution.  *Id.*

On December 16, 2011, the presiding Minnesota district court judge accepted Ambrose's guilty plea and, pursuant to the plea agreement, the district court sentenced Ambrose to 173 months of imprisonment, which is the low end of the applicable sentencing guidelines range, along with restitution that was to be determined at a later date.  *Id.*  In April 2012, the district court ordered Ambrose to pay $1,111.41 in restitution to the building owner.  *Id.* at *2.

Ambrose did not make a direct appeal or otherwise challenge the conviction or sentence until between June 2015 and August 2015, during which time Ambrose brought a number of pro se motions to correct his sentence that were denied.  *Id*.  In October 2016, with the assistance of counsel, Ambrose filed a motion to correct his sentence:

> In that motion, he argued that the district court erred by awarding restitution on the ground that the building owner's financial losses were not caused by the attempted murder, the charge of which he was convicted, but rather by the alleged arson, the charge that was dismissed.  Ambrose also argued that the district court erred at the time of sentencing by including a custody-status point in his criminal-history score.  Ambrose also filed additional pro se motions to correct his sentence between January 2016 and January 2017.  In

2

> February 2017, the district court issued an order in which it denied Ambrose's counseled motion and his pro se motions.

*Id.* Ambrose appealed this decision to the Minnesota Court of Appeals, and on September 11, 2017, the court affirmed the decision of the district court. *Id.* at *2-5. The Minnesota Supreme Court denied review on November 28, 2017.

In January 2018, Ambrose filed a pro se motion challenging his criminal history score and sentencing (including on double jeopardy grounds), challenging the restitution because it was not contained in his plea agreement, asserting claims of ineffective assistance of counsel, and a conflict of interest by the presiding judge. *See Ambrose v. State*, No. A18-0537, 2018 WL 6442318, at *1 (Minn. Ct. App. Dec. 10, 2018). The district court denied this motion. *Id.* Ambrose appealed the district court's decision and on December 10, 2018, the Minnesota Court of Appeals affirmed the district's court decision. *Id.* at *2-6. The Minnesota Supreme Court denied review on March 19, 2019.

Ambrose filed the present Petition on July 12, 2019. (Dkt. 1.)

## II.    ANALYSIS

Ambrose now seeks a petition for a writ of habeas corpus, for his conviction to be vacated, and in the alternative, for his sentence to reduced. Respondent moves to dismiss the Petition on the basis that it was filed over a year after the 2011 entry of judgment pertaining to his conviction and sentencing became final, notwithstanding his post-conviction motions and appeals that started in 2015. (Dkt. 9.) This Court concludes that Ambrose's Petition is untimely and recommends dismissal on that basis.

Section 2244(d) of Title 28 provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Put another way, the limitations period for a habeas petitioner seeking to challenge a state court judgment begins from the latest of the four possible dates identified in § 2244(d)(1). A habeas petition is untimely if filed more than one year after those dates, with time during which a state-court petition for postconviction relief is pending excluded from the calculation. *See* 28 U.S.C. § 2244(d)(2).

Of the four possible starting dates provided by § 2244(d)(1), only the first — "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A) — is relevant in Ambrose's case. Ambrose does not allege that the State of Minnesota has ever impeded his ability to seek habeas corpus relief. None of Ambrose's claims relies upon a newly recognized constitutional right. And the factual predicates of Ambrose's claims were known to him or could have been known to him by reasonable diligence at the time of his guilty plea and sentencing, including the fact that he was going to have pay restitution.

Accordingly, Ambrose's one-year limitations window for filing a federal habeas petition began on the date that the judgment of conviction became final for purposes of § 2244(d)(1)(A) at the expiration of time for Ambrose to seek direct appellate review—i.e., 90 days after sentencing. *See* Minn. R. Crim. P. 28.05, subd. 1; *see also* Minn. R. Crim. P. 28.02, subd. 4(3)(a); Minn. R. Crim. P. 28.02, subd. 2(1) ("A final judgment … occurs when the district court enters a judgment of conviction and imposes or stays a sentence."); *White v. Minnesota*, No. CV 17-1893 (DWF/BRT), 2017 WL 4048102, at *1 (D. Minn. Aug. 3, 2017), *R.&R. adopted by*, 2017 WL 4022409 (D. Minn. Sept. 12, 2017) ("Since White did not directly appeal his 2009 guilty plea, the criminal judgment in this matter became final for purposes of § 2244(d)(1)(A) at the expiration of time for White to seek direct appellate review—i.e., 90 days after sentencing."). In this case, 90 days from date of the December 16, 2011 sentencing was March 15, 2012, making the last day for filing a federal habeas petition March 15, 2013.

This Court acknowledges that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). While Ambrose filed a number of motions for post-conviction relief in state court, the earliest of those motions was not filed until June 2015—that is, over two years after the limitations period for Ambrose to file a federal habeas petition had already expired. The filing of post-conviction motions after the expiration of the statute of limitations does not make his Petition timely as "Section 2244(d)(2) does not restart the one-year clock; it only pauses the clock." *Bowie v. Hammer*, No. CV 15-2825 ADM/JSM, 2015 WL 5737002, at *5 (D. Minn. Sept. 30, 2015) (citing *Jones v. Minnesota*, No. 14-CV-1650 (SRN/HB), 2015 WL 672077, at *12 (D. Minn. Feb. 17, 2015) (citing *Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005))). Because the limitations clock had already expired by the time Ambrose filed his first motion for post-conviction relief in state court, § 2244(d)(2) has no effect on this case. *See Bowie*, 2015 WL 5737002, at *5.

Ambrose argues that his Petition is not late and appears to assert that any delays were the result of a stroke he suffered and medical issues he had in 2013 and 2014. (Dkt. 11; Dkt. 15 at 3.) Nothing in § 2244(d) permits courts to provisionally extend the limitations window in which to file a habeas petition. In rare circumstances, the statute of limitations may be equitably tolled "if the petitioner establishes '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Williams v. Kelley*, 830 F.3d 770, 772-73 (8th Cir.

6

2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  Ambrose provided the Court with medical records indicating that he may have suffered a stroke at the end of August 2013 or in early September 2014.  (Dkt. 12.)  However, a stroke at the end of August 2013 does not explain why Ambrose could not have filed a post-conviction motion or habeas petition between December 2011 through March 16, 2013.  Therefore, the Court does not find that Ambrose was diligently pursuing his rights during this period or that his health prevented him from filing a timely habeas petition. [1]

Accordingly, it is recommended that this matter be dismissed as untimely. [2]

---

[1]  The same is true, assuming for argument's sake, had the 90-day period not started until the April 2012 assessment by the district court of the actual amount of restitution due from Ambrose, which would have resulted in a July 2013 expiration of the limitations period under § 2244(d).

[2]  The Court notes that Respondent also argues that even if timely, the Petition should also be dismissed on the basis that any claims are procedurally defaulted for a failure to present any constitutional claims to the Minnesota Supreme Court.  (Dkt. 9 at 6-9.)  Indeed, under 28 U.S.C. § 2254, "a petitioner must exhaust available state remedies by fairly presenting his claim in each appropriate state court."  *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015) (cleaned up) (quotation marks and citation omitted). "[T]o fairly present a claim, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue."  *Id.* (quotation marks and citation omitted).  While there does not appear to have been any constitutional right presented in Ambrose's 2019 petition for review to the Minnesota Supreme Court (Dkt. 9-1), the Court does not have before it the petition for review with respect to Ambrose's initial appeal.  Given the close proximity between the Minnesota Supreme Court's denial of review in November 28, 2018 as to the initial appeal, and the January 2018 post-conviction motions that are the basis of the second appeal, the Court does not have an adequate record to find (especially in light of the tolling provision of 28 U.S.C. § 2244(d)) that the Petition is procedurally barred at this time a for a lack of presentment if the Petition was found to be timely.

7

### III.  CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing in this context, Ambrose must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This Court concludes that it is unlikely any other court, including the Eighth Circuit, would reach a conclusion contrary to that reached above.  Accordingly, it is recommended that a COA not be issued in this matter.

### IV.  RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Louis Ambrose's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1) be **DISMISSED WITH PREJUDICE** as untimely.

2. Respondent's Motion to dismiss the Petition for Writ of Habeas Corpus (Dkt. 8) with prejudice be **GRANTED**.

3. No certificate of appealability be issued.

Dated: May 11, 2020
*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).